IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-41383-TLS |
| | ) | |
| JEFFREY RYAN CHASE, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| MELISSA A. CRAMER, | ) | ADV. NO. A08-4073-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFREY RYAN CHASE, | ) | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

Trial was held in Lincoln, Nebraska, on August 25, 2009, on Plaintiff's Complaint for Determination of Nondischargeability (Fil. #1). Dana M. London appeared for Plaintiff, and Todd R. Mulliner appeared for Defendant. As more fully discussed below, I find in favor of the Plaintiff.

### *Background*

The parties have stipulated to many of the material facts. Plaintiff and Defendant were married in 2004. During the time of their marriage, they acquired a home in Lincoln, Nebraska. The home was encumbered by a first mortgage in favor of CitiMortgage and a second mortgage in favor of U.S. Bank. During the course of the divorce proceedings, the parties entered into a property settlement agreement which was incorporated into their decree of dissolution of marriage dated June 20, 2007. Paragraph 9 of the property settlement agreement states that "the Defendant shall assume sole responsibility for an [sic] hold Plaintiff harmless from the debts to US Bank, Wells Fargo (purchase of motorcycle),[1] CCS, and all other debts he has separately and individually incurred." Further, the property settlement agreement provided for the sale of the marital residence and specifically provided in Paragraph 10 as follows:

> The parties acknowledge and agree that they jointly own a marital residence located at 6825 North 15th Street, Lincoln, Lancaster County, Nebraska, and legally described as Stone Bridge Creek Addition, Block 2, Lot 31, Lincoln, Lancaster County, Nebraska. The parties agree that said property be sold and proceeds

---

[1] Defendant acknowledges that his obligation to hold Plaintiff harmless on the debt to Wells Fargo is nondischargeable as is Defendant's obligation to reimburse Plaintiff for the sum of $453.25, which was set off from her bank account.

received therefrom be applied on the mortgage indebtedness owed to Citi Mortgage and US Bank, together with any real estate taxes and other closing costs associated with said sale. In the event the parties separate prior to the sale of the home, the Plaintiff shall be responsible for the monthly mortgage payment to Citi Mortgage until the date of sale and the Defendant shall be responsible for the monthly payment to US Bank until the date of sale; otherwise, during such time as the parties remain living together, they shall share equally in the mortgage payments until the home has sold. The Defendant agrees to vacate the residence within 15 days of the entry of the Decree approving this agreement and thereafter the Plaintiff shall have the exclusive right of possession of said residence until the residence is sold. In the event there is a balance owed to US Bank after the sale of the residence, Defendant shall assume responsibility for and hold Plaintiff harmless from said indebtedness. In the event any net proceeds are realized from the sale of the marital residence, they shall be equally divided between the parties.

Pursuant to the terms of the property settlement agreement, the property was marketed for sale. At first, the parties attempted to sell it using a "for sale by owner" service and subsequently it was listed for sale through a real estate broker at $160,000.00. In September 2007, the asking price was lowered to $150,000.00 and an agreement was ultimately reached to sell the property for the sum of $145,000.00, an amount insufficient to pay the balance due on the second mortgage to U.S. Bank. Defendant consented (reluctantly) to the sale and executed the purchase agreement.

Prior to the closing, Plaintiff, Defendant, and their realtor had meetings with U.S. Bank in an attempt to obtain a release of the U.S. Bank second mortgage, which U.S. Bank refused to do. Defendant also attempted to assume sole responsibility for the U.S. Bank loan, but U.S. Bank refused to release Plaintiff. Defendant ultimately acknowledged that he would be unable to satisfy the U.S. Bank loan.

Plaintiff did not have the funds to satisfy U.S. Bank so she sought financial assistance from her parents. Plaintiff's parents obtained a loan from another bank in an amount sufficient to pay the U.S. Bank mortgage in full. Those loan proceeds were paid to U.S. Bank on October 15, 2007, in the amount of $25,206.20 and bear interest at 7.25%. U.S. Bank released its second mortgage and the sale of the home closed on November 9, 2007.

Both Plaintiff and her father testified that Plaintiff is obligated to reimburse her parents for the amount of the loan they obtained to pay the debt to U.S. Bank. However, there is no written documentation of Plaintiff's obligation to reimburse her parents.

### *Discussion*

Plaintiff's position is that pursuant to the terms of the divorce decree and property settlement agreement, Defendant was obligated to hold Plaintiff harmless from any obligations owed to U.S. Bank. Accordingly, Plaintiff asserts that the obligation is nondischargeable pursuant to 11 U.S.C. § 523(a)(15). Defendant asserts that Plaintiff did not pay the obligation to U.S. Bank and, therefore,

there is no further obligation from which he is to hold Plaintiff harmless. Defendant's position seems to be centered around the fact that there is no documentation to evidence an obligation by Plaintiff to repay her parents for the new debt incurred to pay off the U.S. Bank debt.

Section 523(a)(15) excepts from discharge debts arising from marital dissolution or separation decrees. The parties do not dispute that the property settlement incorporated into the marital dissolution decree established a debt in the form of Defendant's obligation to hold Plaintiff harmless from the indebtedness due to U.S. Bank. In fact, the property settlement agreement expressly anticipated that the sale of the property would not produce sufficient funds to pay U.S. Bank in full and that Defendant would hold Plaintiff harmless from that indebtedness.

Clearly, the facts of this case fall squarely within § 523(a)(15). The property settlement agreement and divorce decree created an obligation of Defendant to hold Plaintiff harmless from all amounts due to U.S. Bank. Defendant agreed to sell the house for a price insufficient to satisfy U.S. Bank. Defendant acknowledged that he was unable to pay the balance due to U.S. Bank in order to facilitate the sale of the house. Plaintiff asked her parents for assistance, and they took steps to obtain a loan and pay the U.S. Bank loan in full. The uncontroverted testimony is that Plaintiff is obligated to reimburse her parents for that amount. Therefore, Defendant's obligation to Plaintiff for the amount paid to satisfy the U.S. Bank debt, plus interest at 7.25% from October 15, 2007, until paid, is nondischargeable.

Defendant's arguments with respect to whether this scenario technically falls within the terms of § 523(a)(15) are not persuasive. Plaintiff had no choice but to satisfy the U.S. Bank debt when Defendant admitted he could not do so. In order to close the sale of the home (to which Defendant agreed), Plaintiff effectively obtained a loan from her parents. The fact that the payoff funds came from Plaintiff's parents instead of from Plaintiff's own funds is irrelevant since Plaintiff is obligated to repay her parents. Therefore, this transaction does fall within the technical provisions of § 523(a)(15) and Defendant's other arguments need not be addressed.

A separate judgment will be entered in Plaintiff's favor finding the obligations owed to her to be excepted from discharge.

DATED: September 11, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Dana M. London
    Todd R. Mulliner
    Rick D. Lange
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.